UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 07-209-GWU


CLARENCE R. BRYANT,                                         PLAINTIFF,


VS.                    **MEMORANDUM OPINION AND ORDER**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.


## INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  The defendant opposes the motion in part.

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed."  28 U.S.C. §2412(d)(2).  There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap.  Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000).  Additionally, cost of living and "special factors" may justify increasing the rate above the cap.  28 U.S.C. §2412(d)(2).

1

07-209  Clarence R. Bryant

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Hatter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates.  Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases.  Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992).  Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute.  Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate.  28 U.S.C. §2412(d)(2)(A).  However, this term has been fairly narrowly interpreted by the Supreme Court.  Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing

07-209  Clarence R. Bryant

an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation).  Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement.  Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

### DISCUSSION

Counsel requests a total of $4,687.50 for 31.25 hours of work with a requested hourly rate of $150.00 per hour.  Docket Entry No. 18, pp. 6-8.  The defendant objects to the hourly rate, and argues that the fees should be awarded to the plaintiff as the prevailing party, rather than to his counsel, in the absence of a written assignment.

On the first issue, the undersigned has consistently held that counsel must submit evidence that the prevailing market rate in the relevant Division of the district (in this case, the Central Division) is above the statutory cap of $125.00 per hour if it is to be established that an increase is warranted.  See, e.g., Carolyn Craft v. Commissioner of Social Security, Pikeville Civil Action No. 01-380-GWU (January 27, 2005), citing Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  Counsel's arguments center on the inflation rate as shown by the Consumer Price Index, and no documentary evidence of a higher rate being billed and paid in a similar lawsuit has been submitted.  Therefore, the court finds no justification for departing from the $125.00 per hour rate.

3

07-209  Clarence R. Bryant

Turning to the "prevailing party" issue, counsel cites the unpublished case of King v. Commissioner of Social Security, 230 Fed. Appx. 476, 2007 WL 930275 (6th Cir. 2007) in support of his position.  As the undersigned noted in Honaker v. Astrue, Lexington Civil Action No. 07-197-GWU (July 30, 2008), King does not squarely address the issue in the present case; nor are unpublished opinions binding authority, although they can be persuasive authority. Harper v. Autoalliance International, 392 F.2d 195, 205 n. 3 (6th Cir. 204) (citations omitted).  The general language in King that "attorney's fees awarded under EAJA are payable to the attorney; they are awarded for the benefits of the party, but the money is not the party's to keep" is not central to the holding in the case, which concerned a District Court order denying a motion for attorney's fees under EAJA because it had been brought on behalf of the plaintiff's counsel alone, rather than on the claimant's behalf.  The Sixth Circuit reversed because the pleadings as a whole established that the attorney was seeking fees on behalf of his client.  Therefore, King does not squarely address the issues in this case.

The court finds unpersuasive counsel's argument that the "savings provision" of EAJA, Publ. 99-80, § 3, 99 Stat. 186 is inconsistent with an award of fees to a plaintiff.  The fact that an attorney must return to his client the smaller of the two fee awards under EAJA and 42 U.S.C. § 406(b) is designed to prevent an attorney from receiving double compensation. Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir. 2007).  The presence of this provision actually serves to underline the fact that

4

07-209  Clarence R. Bryant

Congress chose to use different language in EAJA (awarding "to a prevailing party fees and other expenses . . . incurred by that party") and § 406(b) (allowing a court to award a fee not in excess of 25 percent of past-due benefits where a claimant was represented before the court by an attorney, and permitting the Commissioner to "certify the amount of such fee for payment <u>to</u> <u>such</u> <u>attorney</u> . . .") (emphasis added).

Regarding counsel's extensive comparison of EAJA with other fee shifting statutes, the undersigned finds the Tenth Circuit's discussion of the issue more compelling. <u>Manning</u>, 510 F.3d at 1250.

Accordingly, IT IS HEREBY ORDERED that:

(1)     the Motion for Payment of Attorney Fee Pursuant to the Equal Access to Justice Act is GRANTED in part and DENIED in part; and

(2)     the plaintiff is awarded an attorney fee under EAJA of $3,906.25.

This the 10th day of September, 2008.



**Signed By:**

**<u>*G. Wix Unthank*</u>**

**United States Senior Judge**

5